IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAURA JACKSON,<br><br>   *Plaintiff,*<br><br> v.<br><br>RYAN BRIGHTWELL and SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC,<br><br>   *Defendants.* | CIVIL ACTION<br>NO. 20-5500 |

**PAPPERT, J.**                                       March 1, 2021

## MEMORANDUM

  Laura Jackson sued Ryan Brightwell and Swift Transportation Company of Arizona following a traffic accident in Luzerne County, Pennsylvania. Defendants move to transfer venue to the United States District Court for the Middle District of Pennsylvania under 28 U.S.C. § 1404. For the reasons that follow, the Court grants the Motion.

I

  Around 10:30 p.m. on September 7, 2018, Jackson was driving her Toyota Corolla northbound in the right lane of Interstate 81. (Complaint ¶ 5, ECF No. 1-4.) Brightwell, operating a Freightliner truck owned by Swift Transportation, pulled alongside Jackson in the left lane. (*Id.* at ¶ 6.) Without warning, he moved into the right lane, crashing into Jackson. (*Id.* at ¶ 7.)

  Jackson, a resident of Baltimore, Maryland, originally sued in the Circuit Court of Baltimore County. (Mem. in Support of Mot. to Transf. 10, ECF No. 5.) That case

1

was dismissed for lack of personal jurisdiction because Brightwell lives in North Carolina and Swift Transportation is an Arizona LLC with only Arizona-based members. (*Id.* at 13–14.) Jackson re-filed in the Philadelphia County Court of Common Pleas and Defendants timely removed to this Court. *See* (Amended Notice of Removal, ECF No. 2). In her complaint, Jackson alleges that she suffered injuries in the crash and that the accident caused damage to her vehicle. (Compl. ¶ 11.) She asserts negligence claims against both Defendants, as well as a vicarious liability claim against Swift Transportation. (*Id.* at ¶¶ 19–26.) Arguing that the case has no connection to the Eastern District of Pennsylvania and that litigating in the Middle District would be more convenient, Defendants move to transfer there.

II

A district court "may transfer the venue of any civil action for the convenience of parties and witnesses or in the interests of justice, to any other district where it might have been brought." *Weber v. Basic Comfort Inc.*, 155 F. Supp. 2d 283, 284 (E.D. Pa. 2001) (citing 28 U.S.C. § 1404(a)). The purpose of § 1404(a) is "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960)). District courts are vested with "broad discretion" when determining whether transfer is appropriate. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995).

"In ruling on a motion to transfer, the Court should consider 'all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.'" *Weber*, 155 F.

Supp. 2d at 284 (quoting *Jumara*, 55 F.3d at 879 (internal citations omitted)).  The Court must first determine "whether venue would be proper in the transferee district." *Id*.  If this first prong is satisfied, "the court then should determine whether a transfer would be in the interests of justice." *Id*. (citing *Jumara*, 55 F.3d at 879).  The burden of establishing that transfer is appropriate rests with the moving party.  *See Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).  Although Defendants bear that burden here, they are "not required to show 'truly compelling circumstances for . . . change . . . [of venue, but rather that] all relevant things considered, the case would be better off transferred to another district.'"  *Connors v. R & S Parts & Servs., Inc.*, 248 F. Supp. 2d 394, 396 (E.D. Pa. 2003) (quoting *In re United States*, 273 F.3d 380, 388 (3d Cir. 2001)) (alterations in original).

### III

Under 28 U.S.C. § 1391(b)(2), "[a] civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  The accident between Jackson and Brightwell occurred in the Middle District, so venue is proper there.  For that same reason, the Middle District would also have personal jurisdiction over Defendants.  *See O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316–17 (3d Cir. 2007) (the accident creates "certain minimum contacts with . . . [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice").

### IV

The Court must next consider whether a transfer would be in the interests of justice.  *See* 28 U.S.C. § 1404(a).  "Courts have not limited their consideration to the

3

three enumerated factors in § 1404(a) (convenience of parties, convenience of witnesses, or interests of justice), and, indeed, commentators have called on the courts to 'consider all relevant factors.'" *Jumara*, 55 F.3d at 879 (quoting 15 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3847 (4th ed. 2013)). The Third Circuit Court of Appeals considers both public and private interests when deciding whether transfer is appropriate. *Id*. The private interests to assess are: (1) the plaintiff's choice of forum; (2) the defendant's preference; (3) where the claim arose; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses to the extent they would be unavailable in a particular forum; and (6) the location of evidence to the extent it cannot be produced in a particular forum. *Id*. The public interests to consider are: (1) the enforceability of the judgment; (2) practical considerations that would make trial easy, expeditious, or inexpensive; (3) the congestion of the court's docket; (4) the local forum's interest in deciding the case; and (5) the trial judge's familiarity with any applicable state law. *Id*. The Court must assess all of these factors to "determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Id*. (citing 15 Wright & Miller, *Federal Practice and Procedure* § 3847).

## A

In considering the relevant private interests, "[the plaintiff's] choice of forum is [generally] entitled to great weight and is not to be disturbed unless the balance of convenience strongly favors the defendant['s] forum." *Blanning v. Tisch*, 378 F. Supp. 1058, 1060 (E.D. Pa. 1974) (citing *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir.

1970)).  But "plaintiff's choice of forum merits less deference when none of the conduct complained of occurred in plaintiff's selected forum" or "when the plaintiff's choice of forum is not the plaintiff's residence."  *Rowles v. Hammermill Paper Co.*, 689 F. Supp. 494, 496 (E.D. Pa. 1988).  The defendant's forum preference, meanwhile, is usually "entitled to considerably less weight than Plaintiff's, as the purpose of a venue transfer is not to shift inconvenience from one party to another."  *Family Fin. Ctrs. LLC v. Cox*, No. 14-5330, 2015 WL 790038, at *4 (E.D. Pa. Feb. 25, 2015) (quoting *EVCO Tech. Dev. Co. v. Precision Shooting Equip., Inc.*, 379 F. Supp. 2d 728, 730 (E.D. Pa. 2003)).

      Although Jackson did not choose to be in federal court in the Eastern District, she did choose this forum by filing in the Philadelphia County Court of Common Pleas.  *See Battle v. Wal-Mart Stores, Inc.*, No. 19-cv-0945, 2019 WL 5290540, at *2 (E.D. Pa. Oct. 17, 2019) (considering the Eastern District of Pennsylvania the plaintiff's chosen forum in action removed from Philadelphia County Court of Common Pleas).  But none of the "conduct complained of" occurred here and Jackson lives in Maryland.  Jackson prefers this forum because it is closer to her home.  (Resp. to Mot. 4, ECF No. 6.)  Defendants' prefer the Middle District of Pennsylvania.  That choice makes sense because none of the litigants have a connection to the Eastern District and the accident happened in the Middle District.  Defendants' request to transfer this case does not shift inconvenience because no party resides in the Eastern District, let alone Pennsylvania.  Because Jackson's choice is given less weight than is typical, these factors cancel each other out.

      The Court next considers where the claims arose.  *See Jumara*, 55 F.3d at 879.  "When the chosen forum has little connection with the operative facts of the lawsuit,

5

such that retaining the action conflicts with the interests in efficiency and convenience, other private interests are afforded less weight." *Cancer Genetics, Inc. v. Kreatech Biotechnology, B.V.*, No 07-0273, 2007 WL 4365328, at *5 (D.N.J. Dec. 11, 2007).  And "[w]hen the vast majority of the acts giving rise to plaintiff's claims take place in another forum, that weighs heavily in favor of transfer." *Leatherman v. Cabot Oil & Gas Corp.*, No. 12-cv-3783, 2013 WL 1285491, at *3 (E.D. Pa. Mar. 29, 2013) (quoting *Hamilton v. Nochimson*, 2009 WL 2195138, at *3 (E.D. Pa. July 21, 2009)). The Eastern District has no connection to any of the parties or the events in this case. Jackson lives in Maryland, Brightwell in North Carolina and Swift Transportation is an Arizona LLC. The accident occurred in the Middle District and was investigated by state troopers in that district. All of this weighs heavily in favor of transfer.

*Jumara* next instructs the Court to evaluate the "convenience of the parties as indicated by their relative physical and financial condition." *Jumara*, 55 F.3d at 879. Defendants do not contend that the Middle District is more convenient for them based on their physical condition, nor could they. It is further, or just as far, from their homes as the Eastern District. Defendants do argue, though, that venue in the Middle District is more convenient financially because it provides easier access to evidence and witnesses. (Mem. in Support of Mot. to Transf. 15–20.) Jackson insists that the Eastern District is more convenient because Philadelphia is closer to her home in Maryland than the Middle District. (Resp. to Mot. 4.) On balance, this factor is neutral.

The final two private interests to consider are the availability of witnesses and evidence—but only to the extent they will not be available in either forum. Although

6

the Court recognizes the additional burden that traveling to the Eastern District may have on Middle District-based witnesses, this factor does not, as a matter of law, weigh in favor of transfer because the witnesses would be available in the Eastern District. *See* FED. R. CIV. P. 45(c)(1)(B) (subpoena may command person to attend trial in home state if attendance would not cause "substantial expense"); (Mem. in Support of Mot. to Transf. 16–18) (potential witnesses live and work within Pennsylvania).

In light of the above analysis, the private interests weigh in favor of transfer to the Middle District of Pennsylvania.

B

*Jumara* also instructs the Court to consider these public interests: (1) the enforceability of any judgment; (2) the congestion of the courts' dockets; (3) the trial judge's familiarity with any applicable state law; (4) the local forum's interest in deciding the case; and (5) practical considerations that would make trial easy, expeditious or inexpensive. *Jumara*, 55 F.3d at 879.

The first and third public factors are inapplicable here because a judgment in the Eastern District is equally enforceable in the Middle District and judges in each district are familiar with Pennsylvania law. The second factor weighs against transfer, as Defendants acknowledge the Middle District's docket is busier per judge than the Eastern District's. (Mem. in Support of Mot. to Transf. 22) (Eastern District judges hold, on average, 440 cases; the Middle District averages 639 cases per judge.) Conversely, the fourth factor weighs in favor of transfer because the Eastern District has virtually no interest in the outcome of this case while the Middle District has an interest in resolving a dispute that arose on its roadways. *See* (*id.*); *Cable v. Allied*

*Interstate, Inc.*, 2012 WL 1671350, at *5 (E.D. Pa. May 11, 2012) ("The Middle District of Pennsylvania has substantially more interest in this case than does this Court. Plaintiffs . . . suffered all of their injuries there. This case has no relation to the Eastern District of Pennsylvania.")  Plus, local judges and juries would have greater familiarity with the roadways and other facts that may bear on the outcome of the case.  As to the fifth factor, Defendants argue that venue in the Middle District would facilitate easier access to the courthouse for witnesses and reduce expenses associated with viewing the site of the accident. (Mem. in Support of Mot. to Transf. 21–22.)  This factor weighs in favor of transfer since the Wilkes-Barre courthouse is about six miles from the scene of the accident and seven miles from the local State Police barracks. (*Id.* at 17–18.)  The public factors weigh in favor of transfer.

V

Jackson's preference to litigate this case in the Eastern District and the congestion of the districts' respective dockets weigh against transfer, but several factors weigh in its favor: (1) the case has no connection to the Eastern District and the accident occurred in the Middle District; (2) Defendants prefer to litigate in the Middle District; (3) practical considerations, like the location of potential witnesses, establish that trial in the Middle District would be more efficient; and (4) the Middle District has the only local interest in the outcome of the case. Plus, "[Jackson's] choice in this case receives 'diminished weight' because [she] chose a forum in which [she] does not reside and in which none of the conduct giving rise to h[er] claims occurred," *Schoonmaker v. Highmark Blue Cross Blue Shield,* 2009 WL 3540785, at *2 (E.D. Pa. Oct.30, 2009). None of the parties or facts of this case have any connection to the Eastern District.

Accordingly, Defendants have met their burden of showing that, "all relevant things considered, the case would be better off transferred to [the Middle District]." *Connors*, 248 F. Supp. 2d at 396.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.
